*381 The opinion of the Court was delivered by
Withers, J.
It is proper to add to the facts which appear in the report from the Circuit, that the plea was the general issue. So we have this case : — Debt on single bill by assignee, under and by virtue of the Act of 1798: — Plea, general issue - Clear proof of the execution by the maker or obligor, who is sued, and a question touching the competence of evidence of the assignment to the plaintiff; to wit, testimony, by a witness, that he heard the payee, or obligee, admit that he had assigned it, as appeared on the paper produced.
When it is remembered, that the office of pleading is to present a precise issue, so that the point or points of contestation shall stand out in bold relief, from the mass of facts that may have been involved and thrown behind, as it were, in the progress of the parties through the regular stages of the legal contest — and also that the evidence is to be confined to the issue, we see the great importance of fixing attention upon the legal nature of the issue, in any cause, since it regulates the range of evidence necessary and allowable.
What has the defendant put in issue by his plea of non est factum ? Nothing but the execution of the sealed instrument as a valid obligation at the time. That is elementary. It is pertinent to that issue to show that, for any cause, it was void at law, or has become so, as produced at the trial, and before action, by erasure or other species of forgery. For in any such cases, the paper never had any legal existence — that is to say, was never made.
But the plea does not contest the assignment to the plaintiff-nor, (according to various American decisions, and, it would seem, according to sound reasoning,) any other of the plaintiff’s material averments, beyond the factum. It may be more satisfactory to refer to a case of our own, quite in point, to wit, Solomon vs. Evans, 3 McC. 274. It was debt on bail bond; plea non est factum; assignment not under seal, and tested by one witness only, that is, illegal according to stat. of Anne on that point. It *382 was distinctly adjudged, that the issue relieved the plaintiff from all obstacles arising from the assignment — and he had judgment.
The position we assume is wholly beyond the class of cases, where the specialty is but inducement, and the gist of the action is some fact dehors, where nil debet may be permitted to be pleaded, as debt for rent due on indenture of lease : debt for an escape : on judgment against executor for devastavit, &c.
Hence we are relieved from discussing any rules touching hearsay evidence, or, more properly, ad/missions of any one: as well as any touching a necessity on a plaintiff to establish in evidence, his legal interest in the cause of action. The plea in the present case did not drive this plaintiff into such questions.
The motion is, therefore, dismissed.
O’Neall, Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion dismissed.